IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH JR.,

                                                                             ORDER

                    Petitioner,

                                                                        08-cv-249-bbc

     v.

CHARLES N. CLEVERT,
WILLIAM C. GRIESBACH,
JOHN C. SHABAZ, and
RICK RAEMISCH,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Alfred Smith Jr., a prisoner litigant who has received three strikes under 28 U.S.C. § 1915(g), has filed the following documents: 1) a letter dated May 8, 2008 (Dkt. #4); 2) a notice of appeal from this court's May 6, 2008 order (Dkt. #5); 3) a request for leave to proceed in forma pauperis on appeal (Dkt. #6); 4) a request for a stay of enforcement of the May 6 order (Dkt. #7); 5) a motion for appointment of counsel (Dkt. #9); and 6) an informational copy of a letter petitioner wrote to the clerk of the court of appeals about his appeal (Dkt. #10).  Because petitioner's motions for a stay and for appointment of counsel cannot be addressed until I have determined the status of his appeal,

1

I will address petitioner's request for leave to proceed in forma pauperis on appeal first.

At the outset, it is necessary to note that this court's May 6, 2008 order is not an appealable final decision. Final decisions are decisions that "effectively terminate[] the litigation, leaving [the litigant] with no choice but to file [an] appeal." Brekke v. Morrow, 840 F.2d 4 (7th Cir. 1988); see also Adams v. Lever Bros. Co., 874 F.2d 393, 394 (7th Cir. 1989) ("When nothing remains to be decided in the district court, the order is appealable even if formalities have not been observed"). In the May 6 order, I considered petitioner's request for leave to proceed in forma pauperis with his complaint under 28 U.S.C. § 1915. I concluded that petitioner's three strike status barred him from proceeding in forma pauperis with respect to the claims he raised against respondent Judges Griesbach, Clevert and Shabaz, because no inference could be drawn that these respondents were subjecting petitioner to imminent danger of serious physical injury. (Petitioner's theory of liability against the respondents was that their rulings against him in 20 previous actions raising claims of denial of medical care violated his right of access to the courts and to due process.) However, with respect to petitioner's claim that he is presently unable to obtain treatment for his medical needs, I concluded that it was possible to infer that petitioner is alleging that he is in imminent danger. Nevertheless, I found that as to this claim, petitioner had not named a respondent who could be held liable for the failure to provide treatment. Therefore, I denied him leave to proceed in forma pauperis under § 1915(e)(2), but offered him an

2

opportunity to amend his complaint to identify a respondent responsible for refusing him medical treatment. I concluded the order by giving petitioner until May 27, 2008, in which to either file an amended complaint limited to his imminent danger claim and naming a respondent responsible for violating his constitutional rights, or pay the $350 filing fee and proceed with his original complaint as submitted to a merits review under § 1915A.

In reviewing this court's May 6 order in light of petitioner's appeal, I note that I skipped a step when I stated that I would allow petitioner to continue with his medical care claim if he were to amend his complaint to name a respondent. When a court determines that a three-strikes prisoner has alleged facts sufficient to overcome § 1915(g)'s bar to suit, the proper next step is to assess the petitioner's ability to prepay some or all of the filing fee under 28 U.S.C. § 1915(b)(1), not to skip directly to a merits review of petitioner's claim under § 1915(e)(2), as I did. Therefore, because I am denying petitioner's request for leave to proceed in forma pauperis on appeal and because petitioner's appeal from an unappealable order does not divest this court of jurisdiction to proceed with his lawsuit in this court, I have reviewed the trust fund account statement petitioner submitted with his request for leave to proceed in forma pauperis. From this statement, I have calculated petitioner's initial partial payment to be $1.17. If petitioner chooses to amend his complaint and pursue his claim that he is presently being denied medical treatment, he will be required to submit a $1.17 initial partial payment with the proposed amended complaint.

3

Because the May 6 order is not a final order, it is unappealable at this stage of the proceedings unless I amend the order to state expressly that the issue petitioner wishes to appeal "involves a controlling question of law as to which there is a substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). I have no intention of so amending the May 6 order.

Although the issue petitioner wants to present on appeal is not clearly stated in any one of his submissions, a fair reading of his notice of appeal, the "docketing statement" accompanying his letter to the court of appeals' clerk, and his motion for a stay suggests that he wants to appeal that portion of this court's May 6, 2008 order holding that his claims against the respondent judges do not qualify for the imminent danger exception to § 1915(g). As I understand petitioner's argument, he is saying that because the respondent judges failed to grant him relief on his medical care claims in his numerous other lawsuits, they are responsible for his present inability to obtain proper medical care.

Without a doubt, the question whether petitioner should be permitted to advance beyond § 1915(g)'s bar with his claims that the respondent judges denied him due process and deprived him of access to the courts does not "involve[] a controlling question of law as to which there is a substantial ground for difference of opinion." Indeed, petitioner has pointed to no law to support his argument that a judicial decision could *cause* prison officials

4

to refuse to provide him with medical care, and I am aware of none. No court could conclude that petitioner's claims of imminent danger stem from anything other than the alleged failure of prison officials to provide him with medical care. Even if I could direct another district judge to reopen petitioner's cases and provide him the process he wants, which I cannot, that directive would not lead to the relief § 1915(g) was designed to permit.

Moreover, resolution of the question whether I erred in applying § 1915(g) to petitioner's claims against the respondent judges would not materially advance the termination of this litigation. It would serve only to delay it. Therefore, I will not amend the May 6, 2008 order to render it appealable under § 1292(a).

Unfortunately for petitioner, the matter of his appeal does not end with a ruling that the order from which he wishes to take an appeal is unappealable. Under the Prison Litigation Reform Act, a prisoner who files an appeal assumes responsibility for payment of the $455 fee for filing an appeal at the time of filing. Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999). Although petitioner has asked for leave to proceed in forma pauperis on appeal, he is well aware that he does not qualify for that status. As I have explained now twice, the issue he wishes to bring to the attention of the court of appeals is not one qualifying for the exception to § 1915(g). Therefore, petitioner's request for leave to proceed in forma pauperis on appeal will be denied. He owes the $455 filing fee now. He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of

5

appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny petitioner's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether petitioner's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars petitioner from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, petitioner is responsible for insuring that the required sum is remitted to the court at the appropriate time. Also, whether the court of appeals allows petitioner to pay the fee in installments or agrees with this court that he owes it immediately, petitioner's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

I turn then to petitioner's letter of May 8, 2008 (Dkt. #4), his motion for a stay (Dkt. #7) and his motion for appointment of counsel (Dkt. #9). In his letter, petitioner asks for a hearing on his motion for appointment of counsel. There is no need for a hearing on petitioner's motion for appointment of counsel. Therefore, that request will be denied, as will petitioner's motion for appointment of counsel.

In support of his motion for appointed counsel, petitioner contends that he is

6

mentally ill and severely sick "with a tumor in his colon and penis."  He notes that he has been unable to prosecute 20 separate actions "solely due to his mental disability" and that he is not capable of complying with this court's May 6 order unless he has the assistance of appointed counsel.

Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the petitioner's demonstrated ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), Here, although petitioner contends he is mentally ill, the quality of his submissions are on a par with the quality of the submissions filed by hundreds of other litigants who prosecute their cases without counsel.

More important, the legal issues in this case have not yet been identified.  Until petitioner files his amended complaint or pays the $350 fee for filing his complaint as is, there is no complaint before the court.  Petitioner is not convincing when he asserts that he is incapable of rewriting his complaint to eliminate his claims against the respondent judges and to name a respondent related to his claim that he is being denied medical care.  His submissions thus far reveal that he has an accurate understanding of the options he has been offered and that he is capable of drafting an initial pleading.  In short, nothing at this early stage of the proceedings supports a finding that appointment of counsel is appropriate.

Finally, petitioner has moved to stay the deadline established in the May 6 order

within which he is to pay the $350 filing fee or submit an amended complaint, pending his appeal. Because I am denying petitioner's request for leave to proceed in forma pauperis on appeal, and because his appeal from a non-appealable order does not divest this court of jurisdiction to continue proceedings in this court, Patzer v. Board of Regents of the University of Wisconsin System, 763 F.2d 851, 859 (7th Cir. 1985), I will deny his motion to stay the proceedings in this court. However, because his current deadline has now expired, I will extend the deadline within which petitioner must pay the $350 filing fee or submit an amended complaint.

ORDER

IT IS ORDERED that

1. Petitioner's request for leave to proceed in forma pauperis on appeal (Dkt. #6) is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g). The clerk of court is directed to insure that petitioner's obligation to pay the $455 is reflected in this court's financial records.

2. Petitioner's motions for a stay of these proceedings pending appeal (Dkt. #7) and for appointment of counsel (Dkt. #9) are DENIED.

3. Petitioner may have an extension of time until June 27, 2008, in which to either

8

      a. submit a check or money order made payable to the clerk of court in the amount of $1.17 as an initial partial payment of the $350 fee for filing his complaint <u>and</u> a proposed amended complaint that is limited to his claim that he is presently being denied medical care and identifying the respondent or respondents responsible for refusing him such care; <u>or</u>    b. submit payment of the $350 filing fee in full.

    4. If, by June 27, 2008, petitioner fails either to submit the $1.17 initial partial payment and an amended complaint or the $350 filing fee, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

    5. The clerk of court is requested to insure that petitioner's obligation to pay the $350 fee for filing this case and the $455 fee for filing his appeal is reflected in the court's financial records, and that the warden of petitioner's institution is notified of petitioner's debts incurred in this case so that the debts may be paid in accordance with the requirements of the Prison Litigation Reform Act.

    Entered this 6th day of May, 2008.

                          BY THE COURT:

                       /s/
                    _____
                    BARBARA B. CRABB
                    District Judge