IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH JR.,

                                                               ORDER

                Petitioner,

                                                               08-cv-249-bbc

      v.

CHARLES N. CLEVERT,
WILLIAM C. GRIESBACH,
JOHN C. SHABAZ, and
RICK RAEMISCH,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on May 6, 2008, I told petitioner that if he intends to continue with this lawsuit he would have until June 27, 2008, to either 1) submit an initial partial payment of the $350 filing fee in the amount of $1.17 <u>and</u> an amended complaint limited to his claim that he is presently being denied medical care and identifying the respondent(s) responsible for refusing him such care; or 2) submit payment of the $350 filing fee in full. Now petitioner has filed a document titled, "motion to proceed in forma pauperis," that I construe as a motion for waiver of the $1.17 initial partial payment of the $350 filing fee. The motion will be denied.

1

In his motion, petitioner says that he submitted disbursement requests to the business office at the Waupun Correctional Institution asking that $1.17 be sent to this court and that a business office employee identified as Darilyn J. Bushweiler denied his requests twice, indicating that petitioner does not have sufficient funds in his release account to pay the initial partial payment. A review of the trust fund account statement petitioner submitted in support of his request for leave to proceed in forma pauperis confirms that he has no money in his release account. It shows also that as of June 6, 2008, when the statement ends, petitioner had a zero balance in his regular account and that regular deposits into his account were made throughout January and February 2008, but ended on February 28, 2008.

Unfortunately, petitioner's current zero balances in his release and regular accounts is not enough to allow me to grant a waiver of the initial partial payment. 28 U.S.C. § 1915(b)(4), the waiver provision, states,

> In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

However, in Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit ruled that a prisoner has "means" any time his trust fund account statement reveals periodic income.

2

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Here, I cannot say that petitioner does not have periodic income, because he had regular deposits into his account in January and February 2008 and may have received one or more deposits to his account in the time that has passed between June 6, 2008 and now. Under the holding of <u>Newlin</u>, he will not be eligible for waiver of the initial partial payment under § 1915(b)(4) unless he submits a six-month trust fund account statement revealing an absence of periodic income for the full six-month period. Thus, in light of petitioner's income in January and February, 2008, even if he received no deposits to his account in the coming two months, he cannot request waiver of an initial partial payment until the end of August 2008. Because I am unwilling to grant petitioner a two-month extension of time in which to resubmit a trust fund account statement for a full-six month period that might show that he qualifies for waiver of an initial partial payment, I will dismiss this case without prejudice to petitioner's refiling his complaint (in the form required in this court's order of May 6, 2008) after August 28, 2008, together with an updated trust fund account statement for the period beginning February 29, 2008 and ending August 28, 2008, showing he has no means to make an initial partial payment.

In addition to seeking a waiver of the initial partial payment, petitioner filed a

3

document dated June 22, 2008 titled "Motion for Revision of Judgment Fed. R. Civ. P. 60b," which I construe as a motion for reconsideration of this court's directive that he name a respondent in his proposed amended complaint that he believes is responsible for denying him medical care. Because I am dismissing this case without prejudice, petitioner's motion for reconsideration will be denied as moot. However, I will note that if petitioner files an amended complaint, he will not succeed in stating a claim that Rick Raemisch, Deputy Secretary of the Department of Corrections, was deliberately indifferent to his serious medical needs if his only allegation concerning Raemisch is that he holds a position of "overall authority for the operation of the Department of Corrections."

To be liable for damages under § 1983, a defendant must be involved personally in depriving the plaintiff of his constitutional rights. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994). A defendant cannot be held liable in a § 1983 action simply because he is in charge of subordinates who may have violated the plaintiff's rights. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). Higher authority prison officials may be liable for the violation of a prisoner's constitutional rights only if they know about the allegedly illegal conduct and facilitate it, approve it, condone it or turn a blind eye to it. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, if petitioner intends to name Rick Raemisch as a respondent in connection with his claim that he is being denied medical care, he will have to allege in his proposed amended complaint facts from which an inference may

4

be drawn that he gave Raemisch sufficient notice to alert him to an excessive risk to his health, and that Raemisch refused or declined to exercise the authority of his or her office to cure the alleged failure of prison officials to act. Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).

ORDER

IT IS ORDERED that petitioner's motion for waiver of the $1.17 initial partial payment of the $350 filing fee (dkt. #23) is DENIED, as is plaintiff's motion for reconsideration of this court's directive in the May 6, 2008 order that he name a respondent in his proposed amended complaint that he believes is responsible for denying him medical care (Dkt. #22).

Further, IT IS ORDERED that this case is DISMISSED without prejudice to petitioner's refiling a proposed amended complaint that complies with the requirements of this court's order of May 6, 2008, together with a renewed request for leave to proceed in forma pauperis that is supported by a trust fund account statement beginning approximately February 29, 2008 and ending approximately August 28, 2008, showing that he does not

have the means to pay an initial partial payment of the $350 fee for filing this case.

Entered this 2nd day of July, 2003.

BY THE COURT:

/s/ Barbara B. Crabb
_____
BARBARA B. CRABB
District Judge

6